**UNITED STATES of America,**
**Appellee,**

v.

**Manuel SALAZAR, Defendant–**
**Appellant.**

No. 05–5001–cr.

United States Court of Appeals,
Second Circuit.

Jan. 4, 2007.

Richard L. Herzfeld, Bahn, Herzfeld & Multer, LLP, New York, New York, for Appellant.

Benjamin Gruenstein, Assistant United States Attorney for the Southern District of New York (Michael J. Garcia, United States Attorney, and Celeste L. Koeleveld, Assistant United States Attorney, of counsel), New York, New York, for Appellee.

PRESENT: Hon. ROBERT D. SACK, Hon. SONIA SOTOMAYOR, Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

On April 19, 2005, defendant Manuel Salazar pled guilty to three counts of a six-count indictment related to Salazar's alleged direction of a gun trafficking ring. One of the three counts charged Salazar and a co-defendant with using a firearm in relation to a narcotics trafficking crime in violation of 18 U.S.C. § 924(c). Salazar now brings this direct appeal contending he received ineffective assistance of counsel with respect to his trial attorney's advice to plead guilty to this count, even though it was unclear whether the Government could establish a sufficient factual predicate for the offense.

Although we have expressed a "baseline aversion to resolving ineffective assistance claims on direct review," *United States v. Khedr*, 343 F.3d 96, 99 (2d Cir.2003) (internal quotation marks and citation omitted), we will decide such claims on direct appeal where the resolution is "beyond any doubt" or where doing so "would be in the interest of justice." *Id.* at 100 (citation omitted). This is such a case where it is clear that trial counsel's performance was not constitutionally defective.

To succeed on his claim, the defendant must make an affirmative showing that 1) trial counsel's performance fell below an objective standard of reasonableness ac-

cording to prevailing professional norms, and 2) it is reasonably likely that prejudice occurred—i.e., that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington,* 466 U.S. 668, 687–89, 693–94, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Here, trial counsel's representation was reasonable. The record reflects that he was aware of the legal requirements of a guilty plea; that is, he understood that the district court was required to establish a factual basis for the guilty plea and that whether the defendant's conduct satisfied the elements of the crime was a difficult and close question. Based on his own research, and undoubtedly in contemplation of the plea bargain he reached for his client, he determined that there was a sufficient factual basis for the defendant to plead guilty. This conclusion was reasonable under the circumstances. Since Salazar cannot satisfy the first prong of the *Strickland* test, we need not determine the extent to which he suffered "prejudice."

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.